BODNER LAW PLLC
Jonathan S. Bodner, Esq.
55 Cherry Lane, Suite 101
Carle Place, New York 11514
(t) 516-444-3923
jbodner@bodnerlawpllc.com
*Attorneys for Cedar Grove Capital*
*Partners and Aaron Gorin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  :  | |
| :  | Chapter 13 |
| Zach Ehrlich,  :  | |
| :  | Case No.: 25-11707-jpm |
| Debtor.  :  | |
| :  | |

**CERTIFICATION OF AARON GORIN IN SUPPORT OF THE CREDITORS'**
**MOTION TO DISMISS BANKRUPTCY CASE**

I, Aaron Gorin, certify under penalty of perjury that:

1.	I am the Chief Executive Officer and Chief Investment Officer for Cedar Grove Capital Partners ("Cedar Grove") and am familiar with the facts set forth herein.

2.	I submit this certification in support of Cedar Grove's and my motion to dismiss the debtor Zach Ehrlich a/k/a Zachary Ehrlich's (the "Debtor") chapter 13 case.

3.	On December 3, 2022, Cedar Grove and I commenced an action against the Debtor and Neue Urban LLC in the Supreme Court of New York, New York County (the "Action").

4.	On January 17, 2024, the New York County clerk's office entered a judgment in favor of Cedar Grove and me in the amount of $629,611.07 (the "Judgment") against the Debtor and Neue Urban LLC. A copy of the Judgment is attached as **Exhibit A.**

5.	On February 5, 2024, the Debtor and Neue Urban LLC filed a notice of appeal of the Judgment in the Appellate Division.

1

6. On May 21, 2024, the Appellate Division denied the appeal of the Judgment and affirmed the Supreme Court's award of the Judgment. A copy of the Appellate Division's order denying the appeal of the Judgment is attached as **Exhibit B.**

7. On February 26, 2024, Cedar Grove and I served a Subpoena Deuces Tecum (the "Subpoenas") seeking the Debtor's deposition and the production of documents on matters relevant to satisfaction of the Judgment.

8. The Debtor did not object to any of the Subpoenas but failed to produce any responsive documents.

9. On May 23, 2024, during a deposition, the Debtor claimed to have no financial resources, and promised, along with his counsel, on the record, to produce the documents that he was required to produce pursuant to the Subpoenas.

10. On July 3, 2025, after repeated instances by the Debtor of noncompliance with the subpoena, Cedar Grove and I moved for contempt. A copy of my attorney's affirmation in support of the motion for contempt is attached as **Exhibit C.**

11. Pursuant to the Supreme Court's Order of July 14, 2025, a contempt hearing was scheduled for August 5, 2025. A copy of the Order is attached as **Exhibit D.**

12. On July 31, 2025, and prior to the contempt hearing, the Debtor filed this chapter 13 bankruptcy case.

13. Proof of claim number 6 filed on behalf of Cedar Grove and me, in the amount of $716,706.32, was filed based on the Judgment, plus post-judgment interest at 9% as provided under CPLR 5004 from the date of the Judgment to the Petition Date.

14.　As of the date hereof, no portion of the Judgment has been satisfied.

I hereby certify that the foregoing is true to the best of my knowledge, information and belief. I am aware that I am subject to punishment if any of the foregoing is willfully false.

Dated: December 9, 2025

By: _____
Aaron Gorin