UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Zach Ehrlich,

                Debtor.

------------------------------------------------------------x

FOR PUBLICATION

Chapter 13

Case No. 25-11707 (JPM)

# MEMORANDUM OPINION AND ORDER GRANTING CEDAR GROVE CAPITAL PARTNERS' AND AARON GORIN'S MOTION TO DISMISS

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

On July 31, 2025, the Debtor filed a petition for Chapter 13 relief.  Pet., Dkt. No. 1.[1]

Before the Court is Cedar Grove Capital Partners' and Aaron Gorin's ("Movants") motion to dismiss ("Motion"), dated December 11, 2025.  Dkt. No. 23.  The Motion argues that the Debtor has exceeded the unsecured, non-contingent, liquidated debt cap in 11 U.S.C. § 109(e) and is therefore ineligible for Chapter 13 relief.  *Id.*

On December 11, 2025, Movants also filed an objection to confirmation ("Objection"), incorporating the arguments in the Motion as a basis for the Objection.  Dkt. No. 24.

The Debtor filed an opposition to the Motion ("Opposition"), dated January 12, 2026, Dkt. No. 27, and the Movants filed a reply in support of the Motion ("Reply"), also dated January 12, 2026, Dkt. No. 29.

The Court held a hearing on the Motion on January 15, 2026.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

The Motion argues that the Movants, on January 17, 2024, won a judgment of $629,611.07 against the Debtor in the Supreme Court of New York, affirmed on appeal to the Appellate Division on May 21, 2024.  Motion, Dkt. No. 23-7 (Mem. of Law) at 2.  The Motion states that

---

[1] All references to "Dkt. No." refer to the docket entries in this case.

2

Schedule A/B reports that the Debtor has no real property, has interests in 12 entities listed at $0.00 or unknown value, and has total assets of $7,355.24. *Id.* at 3. The Motion further states that Schedule D lists the judgment owed to Movants "as secured by a judgment lien against 12 limited liability companies and other entities all marked as $0.00, and the full judgment amount of $629,611.07 as unsecured." *Id.* Moreover, the Motion notes that Schedule E/F reports $152,606.00 in unsecured claims. *Id.* The Motion also asserts that Movants have filed a proof of claim for $716,706.32, equal to the judgment value plus interest, and that the total value of unsecured claims filed in the claims register is $1,038,528.52. *Id.* The Motion thus argues that the Debtor is ineligible for Chapter 13 relief for exceeding the noncontingent, liquidated, unsecured debt cap, currently at $526,700 (under 11 U.S.C. § 109(e)), which constitutes cause for dismissal under 11 U.S.C. § 1307(c). *Id.* at 4. The Motion argues for dismissal over conversion because "it is unclear to [Movants] what assets, if any, the Debtor seeks to reorganize, or how the Debtor intends to do so here." *Id.* at 5.

The Opposition argues that the Debtor listed Movants' claim as a secured claim in Schedule D, that the Plan lists the claim as secured, and that "nowhere in [Movants'] Objection to Plan Confirmation do they object to being classified as a secured creditor," and thus Movants "should be held to be a secured creditor." Opposition at 1–2. The Opposition then argues that "[w]ith the classification of [Movants] as a secured creditor . . . the unsecured claims in the amount of $220,933.37" do not violate § 109(e). *Id.* at 2.

The Reply argues that it is the Debtor's burden to establish eligibility under § 109(e), and that the Debtor has not met his burden. Reply at 1–2. The Reply argues further that the Court can determine Chapter 13 eligibility by looking to the Debtor's plan and schedules, and that the Opposition does not address that Schedule D lists the full value of Movants' claim as unsecured,

3

and the value of collateral supporting that claim as $0.00. *Id.* The Reply asserts that the judgment is not a lien, absent executing on the judgment or an enforcement order. *Id.* at 3. The Reply notes that Movants "obtained an order from the New York State Court requiring the Debtor to turn over several membership interests," but that the Debtor did not comply with the order. *Id.* at n.1. Lastly, the Reply argues that the Debtor exceeds the § 109(e) debt cap on Movants' claim alone. *Id.* at 3.

At the hearing on January 15, 2026, the Debtor raised an additional argument not in the Opposition, that Movants had established a secured lien by moving in the Supreme Court of New York for the Debtor to turn over membership interests in various entities to enforce the judgment against the Debtor. The Debtor argued that because that "turn over" motion was granted, Movants are secured creditors. The Movants replied that that "turn over" order did not establish a secured interest, in part because the Debtor did not timely comply with the order, and that in the event that it did, the Debtor still did not establish in his schedules or plan that there was any value or collateral to secure that purported lien.

### IV. LEGAL ANALYSIS

#### A. Legal Standard

> [O]n request of a party in interest . . . and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1307(c). "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 and noncontingent, liquidated, secured debts of less than $1,580,125 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e); *see also Soussis v. Macco (In re Soussis)*, 136 F.4th 415, 420 (2d Cir. 2025) ("Chapter 13 is available only to 'individual[s] with regular income' who owe less than a specified amount (currently $526,700 for unsecured debts and $1,580,125 for secured

4

debts).*"* (quoting § 109(e))).[2]   "The debtor has the burden of establishing eligibility under § 109(e)." *In Re Shukla*, 550 B.R. 204, 210 (Bankr. S.D.N.Y. 2016).  Exceeding the debt cap in § 109(e) is a basis to grant a motion to dismiss against the Debtor. *Mazzeo v. United States (in Re Mazzeo)*, 131 F.3d 295, 305 (2d Cir. 1997) (affirming dismissal of Chapter 13 petition due to Debtor exceeding debt limit in § 109(e)).

### B. Motion to Dismiss

The Court agrees with Movants, and the Motion is GRANTED, as the Debtor has not met his burden to establish eligibility for Chapter 13 relief under § 109(e).  *Mazzeo*, 131 F.3d at 305; *In Re Shukla*, 550 B.R. at 210.

Movants filed a proof of claim for $716,706.32, based on their judgment against the Debtor ($629,611.07), plus interest, which Movants allege is unsecured.  *See* Claims Register, Claim 6-1. While the Debtor listed this claim in Schedule D as a secured claim (minus interest, for $629,611.07), he also stated that the "unsecured portion" of the claim was the full value of the claim, and that the value of the collateral securing the claim was $0.00.  Dkt. No. 1 at 19 (Schedule D).  The Opposition argues that the Plan treats the claim as a secured claim, but that Plan also lists the value of the collateral securing the claim as "unknown."  Dkt. No. 11 (Ch. 13 Plan) at 2.  "[A] claim is secured only to the extent of the *value of the property* on which the lien is fixed."  *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir. 2001) (citing 11 U.S.C. § 506(a) and *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 239 (1989)) (emphasis in original).  On

---

[2] "It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *Mazzeo v. United States (in Re Mazzeo)*, 131 F.3d 295, 303 (2d Cir. 1997). "If the value of the claim is easily ascertainable, it is generally viewed as liquidated.  If that value depends instead on a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." *Id.* at 304 (citations omitted).

5

this basis, the Debtor has not met his burden to establish that any portion of the Movants' claim is secured, and accordingly, the Debtor has not established that he is within the $526,700 debt cap for unsecured debts, even ignoring the interest on Movants' claim and the other unsecured claims in this case.

The Opposition also argues that "nowhere in [Movants'] Objection to Plan Confirmation do they object to being classified as a secured creditor," and thus that Movants "should be held to be a secured creditor." Opposition at 2. This argument is without merit. The Objection explicitly states that the Movants argue that "the Debtor's unsecured debts exceed the non-contingent liquidated unsecured debt cap for a chapter 13 debtor" pursuant to § 109(e), and that the "facts alleged and arguments raised in the motion [to dismiss] are incorporated herein by reference as if set forth at length." Objection at 1.

At the January 15, 2026 hearing, the Debtor raised for the first time that Movants had won a "turn over" order in New York Supreme Court, and that this created a secured lien in relation to Movants' judgment against the Debtor. Even assuming that the Debtor is correct, "to determine whether a lien is 'secured' . . . a court must examine the value of the collateral underlying a lien, not the value of the lien itself." *Pond*, 252 F.3d at 127 (quoting § 506(a)). As stated above, it is the Debtor's burden to establish eligibility for Chapter 13 relief, and the Debtor listed the value of the collateral securing the Movants' potential lien as either $0.00, or "unknown." Dkt. No. 1 at 19 (Schedule D); Dkt. No. 11 (Ch. 13 Plan) at 2.[3] The Court agrees with the Movants that the Debtor, on this basis, has not established any value potentially securing the Movants' judgment (be it a

---

[3] The Court also notes that the New York Supreme Court "turn over" order states that Movants "should be able to look toward those companies and receive proceeds from the membership interest of [the Debtor] in order to satisfy the subject judgment, *if such membership interests still exist.*" *Cedar Grove Capital Partners v. Zachary Ehrlich*, No. 153791/2024 (N.Y. Sup. Ct. filed Apr. 22, 2024), Dkt. No. 22 (Or.) at 1 (emphasis added).

lien or otherwise), and accordingly that the Debtor has not established his eligibility for Chapter 13 relief. Accordingly, the Court GRANTS the Motion. *Mazzeo*, 131 F.3d at 305; *In Re Shukla*, 550 B.R. at 210.

## V.  CONCLUSION

The Motion is GRANTED, as the Debtor has not met his burden to establish eligibility for Chapter 13 relief under § 109(e).

**IT IS SO ORDERED.**

Dated: January 27, 2026  　　　　　　　　　　　　　　　/s/ John P. Mastando III  
　　　　New York, New York　　　　　　　　　　　HONORABLE JOHN P. MASTANDO III  
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE